This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39371**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT**

Petitioner-Appellee,

v.

**DANIEL O.,**

Respondent-Appellant,

and

**ALEXIS L.,**

Respondent,

**IN THE MATTER OF MICHAEL O.,**

Child.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY
Emilio J. Chavez, District Judge**

Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

The Law Offices of Nancy L. Simmons
Nancy L. Simmons
Albuquerque, NM

for Appellant

Terry L. Hull
Cloverdale, CA

Guardian Ad Litem

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Respondent Daniel O. (Father) appeals from the termination of his parental rights to Child. This Court issued a notice of proposed disposition proposing to affirm the district court's order. Father has filed a memorandum in opposition with this Court, which we have duly considered. Unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Father argues that the effects of the COVID-19 pandemic should be considered in determining whether (1) Father had the resources to communicate with service providers; (2) the Children, Youth & Families Department (CYFD) made reasonable efforts; and (3) CYFD moving to terminate his parental rights immediately prior to the pandemic shutdown in February 2020 and the effects of the pandemic should be considered in whether he had time to ameliorate the causes and conditions of neglect. [MIO 3-5] Father did not state in his memorandum in opposition that his arguments regarding the COVID-19 pandemic were preserved below, and there is no indication from the record presently before us that this was preserved; preservation is required for this Court to consider an issue. *See Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue."); *see also In re Norwest Bank of N.M., N.A.*, 2003-NMCA-128, ¶ 30, 134 N.M. 516, 80 P.3d 98 (stating that this Court will not search the record for evidence of preservation); *State ex rel. Child., Youth & Fams. v. Michael T.*, 2007-NMCA-163, ¶ 15, 143 N.M. 75, 172 P.3d 1287 ("To preserve an argument for appeal it must appear that a ruling or decision by the district court was fairly invoked." (internal quotation marks and citation omitted)); *id.* ("[R]eviewing court[s] will not consider issues not raised in the trial court unless the issues involve matters of jurisdictional or fundamental error.").

**{3}** To the extent Father is generally contending that he was not given enough time to complete his case plan [MIO 4-5], "[a] motion to terminate parental rights may be filed at any stage of the abuse or neglect proceeding by a party to the proceeding." NMSA 1978, § 32A-4-29(A) (2009). A dispositional order was entered on August 21, 2018, and the hearing on CYFD's second motion to terminate parental rights was held on August 5, 2020. [DS 2, 4] Father had almost two years to complete his case plan and has failed to provide any authority stating that approximately two years was an inadequate amount of time to work his case plan. *See Curry v. Great Nw. Ins Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *see also State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 34, 132 N.M. 299, 47 P.3d 859 ("[I]n balancing the

interests of the parents and children, the court is not required to place the children indefinitely in a legal holding pattern." (internal quotation marks and citation omitted)). As such, we are unpersuaded that Father did not receive enough time to comply with his treatment plan. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}** Beyond these arguments, Father raises no new facts, authority, or arguments in his memorandum in opposition to persuade this Court that our notice of proposed disposition was incorrect. *See id.* Accordingly, for the reasons set forth in our notice of proposed disposition and herein, we affirm the district court's termination of Father's parental rights.

**{5}   IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**